

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*Danielle M. Corcione*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973)645-2762*
*Facsimile: (973) 645-3497*

July 11, 2016

Stacy Ann Biancamano, Esq.
Biancamano Law, LLC
560 Main St.
Chatham, New Jersey 07928

      Re:   <u>Plea Agreement with Sheila Kahl</u>  16-547-01 (AET)

Dear Ms. Biancamano:

      This letter sets forth the plea agreement between your client Sheila Kahl and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on July 25, 2016, if it is not accepted in writing by that date.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Sheila Kahl to a two-count information, which charges Sheila Kahl with conspiring to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count One), and conspiring to wrongfully access individually identifiable health information in violation of 42 U.S.C. § 1320d-6 (a)(2) and (b)(3), and pay illegal remunerations contrary to the federal health care program anti-kickback statute, 42 U.S.C. § 1320a-7b(b)(2), in violation of 18 U.S.C. § 371(Count Two). If Sheila Kahl enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Sheila Kahl for, through The Good Samaritans of America from in or about July 2014 through December 2015, conspiring to commit health care fraud, wrongfully accessing identifiable health information of senior citizens, and paying healthcare professionals to sign off on genetic testing.

      Nevertheless, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a

1

result of this guilty plea does not remain in full force and effect, Sheila Kahl agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Sheila Kahl may be commenced against her, notwithstanding the expiration of the limitations period after Sheila Kahl signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 (Count One) to which Sheila Kahl agrees to plead guilty carries a statutory maximum prison sentence of ten years, and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 18 U.S.C. § 371 (Count Two) to which Sheila Kahl agrees to plead carries a statutory maximum prison sentence of five years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence on each count may run consecutively.

The sentence to be imposed upon Sheila Kahl is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Sheila Kahl ultimately will receive.

Further, in addition to imposing any other penalty on Sheila Kahl, the sentencing judge (1) will order Sheila Kahl to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Sheila Kahl to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Sheila Kahl, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. §

2

3583, may require Sheila Kahl to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Sheila Kahl be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Sheila Kahl may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

### Restitution Agreement

In addition, Sheila Kahl agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in the amount of $1.2 million.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Sheila Kahl by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

### Stipulations

This Office and Sheila Kahl agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such

stipulation. A determination that any stipulation is not binding shall not release either this Office or Sheila Kahl from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Sheila Kahl waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

As part of her acceptance of responsibility and pursuant to 18 U.S.C. § 982(a)(7), Sheila Kahl agrees to the entry of a forfeiture money judgment in the amount of $52,705.00, representing all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to a violation of 18 U.S.C. § 1349, which is a Federal health care offense, as defined in 18 U.S.C. § 24 (the "Forfeiture Money Judgment").

Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service, with the criminal docket number noted on the face of the check. Sheila Kahl shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

If the Forfeiture Money Judgment is not paid on or before the date Sheila Kahl enters her plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Sheila Kahl fails to pay any portion of the Forfeiture Money Judgment on or before the date of her guilty plea, Sheila Kahl consents to the forfeiture of any other property, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Sheila Kahl also agrees to consent to the entry of a Consent Judgment and Order of Forfeiture for the Forfeiture Money Judgment, and any further orders that may be necessary to enforce the Forfeiture Money

Judgment, and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Forfeiture Money Judgment prior to the defendant's sentencing. Sheila Kahl understands that the imposition of the Forfeiture Money Judgment is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

It is further understood that any forfeiture of Sheila Kahl's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. Sheila Kahl hereby waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

Immigration Consequences

Sheila Kahl understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending her naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by her guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences, and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea,

5

conviction, or sentence, based on any immigration consequences of her guilty plea.

Other Provisions

        This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

        This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Sheila Kahl. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Sheila Kahl.

        No provision of this agreement shall preclude Sheila Kahl from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Sheila Kahl received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Sheila Kahl and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Danielle M. Corcione
Assistant U.S. Attorney

APPROVED:

JACOB T. ELBERG
Chief, Health Care and Government Fraud Unit

I have received this letter from my attorney, Stacy A. Biancamano, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Sheila Kahl_           Date: 9/13/16
Sheila Kahl


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_Stacy Biancamano_           Date: 9/13/16
Stacy A. Biancamano, Esq.

8

## Plea Agreement With Sheila Kahl

## Schedule A

This Office and Sheila Kahl recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Sheila Kahl nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Sheila Kahl within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Sheila Kahl further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

1. The version of the United States Sentencing Guidelines effective November 1, 2015, applies in this case.

### Count One—Conspiracy to Commit Health Care Fraud

2. The guidelines that apply to the charge under Title 18, United States Code, Section 1349, contained in the Information, are U.S.S.G. §§ 2X1.1 and 2B1.1.

3. Because the offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 6. See § U.S.S.G. 2B1.1(a)(2).

4. Under Count One, the reasonable estimate of loss to Medicare was $1.2 million. The loss amount was therefore more than $550,000, but was not more than $1.5 million, resulting in an increase of 14 levels. See U.S.S.G. § 2B1.1(b)(1)(H).

5. Because Sheila Kahl was convicted of a Federal health care offense involving a Government health care program and the loss amount associated with that offense was more than $1,000,000, the offense level is increased by two levels. See U.S.S.G. § 2B1.1(b)(7).

6. Because the offense involved the misrepresentation that the defendant was acting on behalf of a charitable organization, the offense level is increased by two levels. See U.S.S.G. § 2B1.1(b)(9).

7. Because Sheila Kahl knew or should have known that victims of the offense were vulnerable victims, the offense level is increased by two levels. See U.S.S.G. § 3A1.1(a).

8. Accordingly, the Guidelines offense level applicable to Count One is 26.

Count Two

Conspiracy to Violate HIPAA

9. The guideline that applies to the conspiracy to violate HIPAA, Title 42, United States Code, Section 1320d-6 (the HIPAA violations), the first object of the dual-object conspiracy charged under Title 18 United States Code, Section 371, contained in the Information is U.S.S.G. § 2B1.1. Because the offense of conviction does not have a statutory maximum term of 20 years or more, this guideline carries a Base Offense Level of 6. See § U.S.S.G. 2B1.1(a)(2).

10. As to the HIPAA violations, the reasonable estimate of loss to Medicare was $1.2 million. The loss amount was therefore more than $550,000, but was not more than $1.5 million, resulting in an increase of 14 levels. See U.S.S.G. § 2B1.1(b)(1)(H).

11. Because Sheila Kahl was convicted of a Federal health care offense involving a Government health care program and the loss amount associated with that offense was more than $1,000,000, the offense level is increased by two levels. See U.S.S.G. § 2B1.1(b)(7).

12. Because the offense involved the misrepresentation that the defendant was acting on behalf of a charitable organization, the offense level is increased by two levels. See U.S.S.G. § 2B1.1(b)(9).

13. Because Sheila Kahl knew or should have known that victims of the offense were vulnerable victims, the offense level is increased by two levels. See U.S.S.G. § 3A1.1(a).

14. Accordingly, the Guidelines offense level applicable to the conspiracy to violate HIPAA is 26.

Conspiracy to Pay Kickbacks

15. The guideline that apples to the conspiracy to pay kickbacks, Title 42 U.S.C. § 1320a-7b(b)(2)(A), the second object of the dual-object conspiracy charged under Title 18, United States Code, Section 371, contained in the Information, is U.S.S.G. § 2B4.1. The Base Offense Level is 8. U.S.S.G. § 2B4.1(a).

16. The value of the improper benefit to be conferred was approximately $1.2 million. It was therefore more than $550,000, but was not more than $1.5 million, resulting in an increase of 14 levels. See U.S.S.G. §§ 2B4.1(b)(1)(B), 2B1.1(b)(1)(H).

17. Accordingly, the Guidelines offense level applicable to the conspiracy to pay kickbacks is 22.

GROUPING ANALYSIS

18. The Government and Sheila Kahl agree that the conspiracy to commit health care fraud, conspiracy to violate HIPAA, and the conspiracy to pay kickbacks are grouped together into a single group because those counts involve "substantially the same harm or loss" under U.S.S.G. § 3D1.2. The offense level for this group, pursuant to U.S.S.G. § 3D1.3 is the highest offense level of the counts in the Group, or 26. Accordingly, the combined offense level is 26.

ADDITIONAL FACTORS

19. Because Sheila Kahl was a minor participant, the offense level is decreased by two levels. See U.S.S.G. § 3B1.2.

20. As of the date of this letter, Sheila Kahl has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Sheila Kahl's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

21. As of the date of this letter, Sheila Kahl has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Sheila Kahl's offense level pursuant to § 3E1.1(b) if the following conditions are met: (a) Sheila Kahl enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Sheila Kahl's acceptance of responsibility has continued through the date of sentencing and Sheila Kahl therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to § 3E1.1(a), and (c) Sheila Kahl's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

22. The parties agree not to seek or argue for any upward or downward

departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

23. Sheila Kahl knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

24. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.