NJProb 12C/D
(6/23)

# United States Probation Office
# United States District Court
# for the District of New Jersey

### Petition for Summons or Warrant for Individual under Supervision

November 29, 2023

**Name of Individual Under Supervision:** Sheila Kahl  **Docket Number:** 16-00547-001
**Reg. Number:** 70569-050  **PACTS Number:** 2987413

**Name of Current Judicial Officer:**  THE HONORABLE ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

**Original Offense:**  Count One: Conspiracy to Commit Health Care Fraud, 18 U.S.C. § 1349 a Class C Felony
Count Two: Conspiracy to Defraud the United States, 18 U.S.C. § 371 a Class D Felony

**Original Sentence:** Imposed on 05/13/2019; 13 months imprisonment, 3 years supervised release

**Current Custodial Status:** At Liberty

**Special Conditions:** Special Assessment - $200 (paid), Restitution - $1,200,000.00, Mental Health Treatment, Employment Requirements/Restrictions, No New Debt/Credit, Financial Disclosure, Self-Employment/Business Disclosure, Forfeiture

**Date Supervision Commenced:** 12/08/2020  **Date Supervision Expires:** 12/07/2023

**Assistant U.S. Attorney:** Jacob T. Elberg, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Stacy Ann Biancamano, 312 North Avenue East, Suite 7, Cranford, New Jersey 07016-2464, .

---

**PETITIONING THE COURT:**

☐ To issue a warrant
☒ To issue a summons
☐ To amend a previously filed petition

**THE COURT ORDERS:**

☐ The Issuance of a Warrant. *THIS DOCUMENT SHALL BE SEALED UNTIL ARREST OF THE INDIVIDUAL UNDER SUPERVISION.*

☒ The Issuance of a Summons (as recommended by Probation).
Date and time of initial appearance: 12/6/23 at 1:30pm in Courtroom 7E before Judge J. Brendan Day.

☐ The petition dated _____ and filed with the Court on _____ is HEREBY AMENDED.
☐ No Action.
☐ Other.

_____  11/29/23
Signature of Judicial Officer    Date

**COURT ACTION TO DATE:**

The term of supervised release commenced on December 8, 2020. To date there have not been any actions taken to address these violations. On November 27, 2023, the probation office notified the Court of the upcoming expiration of supervised release and the unpaid restitution balance. The Court instructed that a violation petition be submitted.

**DETAILS OF VIOLATIONS:**

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | Failure to satisfy financial obligations. |

Ms. Kahl has failed to pay $1,188,974.35 restitution in full prior to the scheduled expiration of supervised release on December 7, 2023. Ms. Kahl paid $3,959.66 toward the joint and several restitution obligation.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

| | |
| --- | --- |
| 2 | The individual under supervision has violated the special supervision condition which states **'You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.'** |

On November 21, 2023, our office conducted an Equifax credit inquiry, and it revealed that Ms. Kahl opened numerous credit accounts without the approval of the U.S. Probation Office.

The Probation Office has determined this conduct constitutes a **Grade C violation.**

**INDIVIDUAL UNDER SUPERVISION'S COMMENTS AS TO ALLEGED VIOLATION(S):**

Ms. Kahl advised she was not aware of the special condition prohibiting her from opening additional lines of credit which is why she did not seek permission.

**STATUTORY PROVISIONS AND CASE LAW:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

Pursuant to 18 U.S.C. § 3583(i), the power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the individual under supervision to serve a term of imprisonment and, subject to the limitations in subsection (h) of 18 U.S.C. § 3583, a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. Reference is made to the Third Circuit's ruling in *U.S. v. Merlino*, 785 F.3d 79 (3rd Cir. 2015).

18 U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the individual under supervision violated a condition of supervised

release. Accordingly, the court will require the individual under supervision to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Cases in which the original offense of conviction was committed on or after April 30, 2003, are subject to the provisions of the PROTECT Act (Pub. L 108-21, 117 Stat. 650), which amended 18 U.S.C. § 3583(e)(3) with regard to the custodial exposure upon revocation. The amount of custodial time available to the Court upon revocation is the maximum term authorized at 18 U.S.C. § 3583(e)(3). This available time is not reduced by the custodial time imposed as a result of any prior revocation of supervision. Reference is made to the Third Circuit's ruling in *U.S. v. Williams*, 675 F.3d 275 (3rd Cir. 2012).

Pursuant to 18 U.S.C. § 3583(e)(3), if revoked, Sheila Kahl is facing a maximum statutory penalty of 2 years imprisonment for violating the term of supervised release attached to the underlying conviction on Count One, a Class C felony. Pursuant to the Third Circuit's ruling in *U.S. v. Dees*, 467 F.3d 847 (3rd Cir. 2006), a District Court has the authority to impose consecutive prison sentences upon revocation of concurrent terms of supervised release which resulted from the imposition of multiple terms of imprisonment. The aggregate exposure upon revocation for the individual under supervision is therefore 2 years.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the individual under supervision is required to serve a term of imprisonment, the court may include a requirement that the individual under supervision be placed on a term of supervised release after imprisonment. The amount of time available for reimposition of supervised release in cases in which the original offense of conviction was committed on or after April 30, 2003, is the maximum term of supervision allowed by statute for the original offense of conviction minus any term of imprisonment imposed upon revocation plus custodial time ordered on prior revocations.

Pursuant to 18 U.S.C. § 3624(e), when multiple terms of supervised release are (re)imposed they must be imposed concurrent to each other.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

The individual under supervision's exposure to all penalties is presented in the Appendix.

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of I and a Grade A violation, the individual under supervision faces a guideline range of 12 to 18 months custody. For a Grade B violation, the individual under supervision faces a guideline range of 4 to 10 months custody. For a Grade C violation, the individual under supervision faces a guideline range of 3 to 9 months custody.

Upon a finding of a Grade A or B violation, pursuant to USSG § 7B1.3(a)(1), the court will revoke supervised release.

Upon a finding of a Grade C violation, pursuant to USSG § 7B1.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Pursuant to USSG § 7B1.3(c)(1), in the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Pursuant to USSG § 7B1.3(c)(2), in the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

Pursuant to USSG § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation will be ordered to be paid or served in addition to the sanction determined under § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

Pursuant to USSG § 7B1.5(b), upon revocation of supervised release, no credit will be given toward any term of imprisonment ordered for time served on post-release supervision.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

SUSAN M. SMALLEY, Chief
U.S. Probation Officer

By: LUKE N. WALKER
U.S. Probation Officer

/ lnw

APPROVED:

_____   11/29/2023
STEVEN ALFREY         Date
Supervising U.S. Probation Officer

# APPENDIX
## Statutory and guideline exposure

VIOLATION GRADE:                 A
CRIMINAL HISTORY CATEGORY:   I

|  | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | 2 years | 12-18 months |
| SUPERVISED RELEASE: | 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE:                 B
CRIMINAL HISTORY CATEGORY:   I

|  | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | 2 years | 4-10 months |
| SUPERVISED RELEASE: | 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |

VIOLATION GRADE:                 C
CRIMINAL HISTORY CATEGORY:   I

|  | Statutory Provisions | Guideline Provisions |
|---|---|---|
| CUSTODY: | 2 years | 3-9 months |
| SUPERVISED RELEASE: | 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) | 3 years (less any term of imprisonment imposed upon revocation, plus custodial time imposed on prior revocations) |